**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GREAT AMERICAN INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-2839** |
| **BAUMER FOODS, INC., SEYMORE SIMMONS, WAYNE THOMAS**, **JR.**, **JUSTIN THOMAS, & WAYNE THOMAS, SR.** | **SECTION: C (4)** |

## ORDER

Before the Court are memoranda of the parties addressing whether the Court should exercise

its discretion to entertain this declaratory action. Based on the memoranda, the record, and the law,

the Court will not exercise its jurisdiction in this case.

## I. BACKGROUND

The following facts and procedural history are not in dispute. Plaintiff Great American

Insurance Company ("Great American") filed this lawsuit on November 15, 2011, requesting that

this Court declare the scope of its rights and duties under the Great American worker's

compensation and employment liability insurance policy ("Great American Policy") toward

Defendant Baumer Foods, Inc. ("Baumer"). (Rec. Doc. 1 at 1-2). In May 2005, Robin Simmons

("Ms. Simmons"), who worked for Baumer took a break from work because she was feeling ill. She

was taken to the hospital by a Baumer employee and died there.  (Rec. Doc. 1 at 3).  Her husband

and sons filed suit against Baumer and other defendants, alleging that the defendants' negligence

caused her death ("*Simmons I*").  (Rec. Doc. 1 at 3).  The trial court found that Ms. Simmons was

not a borrowed employee, but the Louisiana Fourth Circuit Court of Appeal reversed, and the

Louisiana Supreme Court denied the Simmons's writ application.  (Rec. Doc. 1 at 5).  Accordingly,

the Simmons's exclusive remedy was under the Louisiana Worker's Compensation Act ("LWCA").


The Simmons then filed a claim in the Office of Worker's Compensation ("OWC"), which

was denied because the OWC found that the cause of Ms. Simmons' death did not occur within the

course and scope of her employment and instead was caused by a preexisting health condition.

(Rec. Doc. 1 at 6).  The Simmons's appeal was denied by the Fourth Circuit Court of Appeal.  (Rec.

Doc. 1 at 7-8).

While the OWC claim was on appeal, the Simmons re-filed a tort suit against Baumer and

other defendants, alleging similar negligence claims as in the first tort suit ("*Simmons II*").  (Rec.

Doc. 1 at 8).  The trial court held that *Simmons II* was precluded on *res judicata* grounds, but the

Fourth Circuit Court of Appeal reversed, holding that the claims were not precluded because of

"exceptional circumstances," and the Louisiana Supreme Court denied the defendants' supervisory

writ applications.  (Rec. Doc. 1 at 10).  The defendants then excepted again to *Simmons II*.  The trial

court denied the exceptions, and the defendants applied for supervisory writs.  (Rec. Doc. 10-11).

In July 2011, Great American notified Baumer that it planned to file a declaratory action to

determine its rights and duties related to *Simmons II*.  (Rec. Doc. 1 at 11).  Baumer requested that

Great American wait to file its action until after the Louisiana Supreme Court acted on the

defendants' exceptions to *Simmons II*, which Great American did. (Rec. Doc. 1 at 11). On October

12, 2011, the Louisiana Supreme Court denied the defendants' supervisory writ applications. (Rec.

Doc. 1 at 11). A week later, Baumer filed a third party demand against Great American, alleging

that it had not fulfilled its duties, including duty to defend, under the Great American Policy. A

month later, Great American filed their declaratory action in this Court.

This Court issued an order requiring the parties to submit memoranda addressing the issue

whether the Court should exercise its jurisdiction over Great American's declaratory action. (Rec.

Doc. 4). In the meantime, Baumer voluntarily dismissed its third party demand against Great

American in *Simmons II*, and those claims were dismissed without prejudice on March 27, 2012.

(Rec. Docs. 37-2, 37-3).


## II. LAW & ANALYSIS

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), confers discretion on a Federal Court

to hear a declaratory judgment suit. In the Fifth Circuit, a district court may consider seven non-

exclusive factors in deciding whether to retain and decide, or dismiss, a declaratory action. *See The

Sherwin-Williams Co. v. Holmes County, Miss.*, 343 F.3d 383, 390-94 (5th Cir. 2003); *St. Paul Ins.

Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994). These so-called *Trejo* factors include:

> 1. whether there is a pending state action in which all of the matters in controversy may be
> fully litigated;
> 2. whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
> 3. whether the plaintiff engaged in forum shopping in bringing the suit;
> 4. whether possible inequities exist in allowing the declaratory plaintiff to gain precedence
> in time or to change forums;
> 5. whether the federal court is a convenient forum for the parties and witnesses;
> 6. whether retaining the lawsuit would serve the purposes of judicial economy; and
> 7. whether the federal court is being called on to construe a state judicial decree involving
> the same parties and entered by the court before whom the parallel state suit between the

same parties is pending.

*Trejo*, 39 F.3d at 590-591.

These factors are used to address three concerns: (1) the proper allocation of decision making between state and federal courts; (2) fairness; and (3) efficiency. *Sherwin Williams*, 343 F.3d at 390-394. Looking to the *Trejo* factors enumerated above as they address these three concerns, the Court finds that it should not exercise its discretion to hear this declaratory judgment action.

In evaluating the first concern, the proper allocation of decision-making between federal and state courts, the Fifth Circuit emphasizes that "if the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Sherwin Williams*, 343 F.3d at 390-91. On March 27, 2012, the state court dismissed Baumer's third party demand against Great American, after Baumer voluntarily dismissed that third party demand. (Rec. Docs. 37-2, 37-3). However, there is no evidence that the underlying suit by state court plaintiffs against Baumer has ended. The issue in Great American's instant declaratory action is whether, or to what extent, it is required to cover Baumer for its alleged fault regarding Ms. Simmons' death. The issue in the state court case is whether Baumer was at fault. Although these issues are not identical, they are closely related, as they arise from the same event and allegations of negligence by the Simmons against Baumer and the other defendants. Thus the Court finds that Great American's claim would be more properly addressed by the state court.

The second concern is for fairness, which addresses issues of forum shopping and other abuses of the forum-selection aspect of filing a lawsuit, distinguishing between legitimate and

improper reasons for forum-selection. *Sherwin Williams*, 343 F.3d at 391. "Merely filing a declaratory judgment action in a federal court with jurisdiction to hear it, [even] in anticipation of state court litigation, is not itself improper anticipatory litigation or otherwise abusive 'forum shopping.'" *Sherwin Williams*, 343 F.3d at 391. Great American's decision to institute a brand new action in federal court rather than bringing its claims against Baumer as part of the preexisting state court case demonstrates a special effort to obtain federal court, rather than state court, adjudication of its claims. While the Court does not find that this strategy constitutes abusive forum shopping, it weighs against the Court exercising its jurisdiction here.

The third and final concern is for efficiency, which addresses issues such as the avoidance of piecemeal litigation, the convenience of the forum for the parties, and the avoidance of judicial inefficiency. *Sherwin Williams*, 343 F.3d at 391. This factor weighs heavily against the Court exercising its jurisdiction over Great American's declaratory action. The state court case between the Simmons and Baumer is still pending; thus, declaring Great American's rights and duties under the policy it issued to Baumer with respect to Ms. Simmons's death would create a risk of piecemeal litigation, with the wrongful death claims being adjudicated in state court and the related insurance coverage claims being adjudicated here.

Accordingly,

IT IS ORDERED that the Court declines to exercise its jurisdiction over this declaratory action.

New Orleans, Louisiana, this 10th day of April, 2012.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE